UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| David Andrew Coil,<br><br>　　　　　　　Petitioner,<br>　v.<br>Terry Royal, *et al.*<br><br>　　　　　　　Respondents. | Case No. 3:25-cv-00342-ART-CLB<br><br>Order Dismissing Petition |

David Andrew Coil, incarcerated at Ely State Prison in Nevada, filed a *pro se* petition for writ of habeas corpus. (ECF No. 1-1.) He paid the filing fee, so the Court grants his motion to accept filing fee. (ECF No. 5.) The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed Coil to show cause as to why the Court should not dismiss his petition as second or successive to case no. 2:22-cv-01428-GMN-BNW. (ECF No. 6.)

　28 U.S.C. § 2244(b)(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Where a petition has been dismissed with prejudice as untimely or because of procedural default, the dismissal constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of § 2244. *McNabb v. Yates*, 576 F.3d 1028, 1029-1030 (9th Cir. 2009); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005).

In case no. 2:22-cv-01428-GMN-BNW, Coil unsuccessfully challenged his 2017 state-court judgment of conviction. United States District Judge Gloria M.

Navarro dismissed the petition with prejudice as time-barred and denied a certificate of appealability. *Id.* at ECF No. 18. The Ninth Circuit Court of Appeals also denied a certificate of appealability in December 2023. *See Coil v. Attorney General*, No. 23-15401, 2023 WL 10407429. This petition, therefore, is a second or successive habeas corpus petition under § 2244(b). Coil must obtain authorization from the Ninth Circuit Court of Appeals before this Court may consider his petition. 28 U.S.C. § 2244(b)(3).

In response to the show-cause order, Coil filed an amended petition. (ECF No. 7.) He has not demonstrated that he has obtained authorization. He appears to argue that this Court can entertain his petition because he is actually innocent. (*Id.* at 1-4.) The remainder of the filing appears to be a mix of habeas claims and argument as to why the dismissal of his first federal petition was improper. The filing is silent as to the issue of Ninth Circuit authorization.  This Court lacks jurisdiction to consider this petition without the authorization of the Ninth Circuit. *See Burton v. Stewart*, 549 U.S. 147 at 152 (9th Cir. 2007). Accordingly, this petition is dismissed as second and successive. Reasonable jurists would not find this conclusion to be debatable or wrong, and the Court will not issue a certificate of appealability.

It is therefore ordered that Petitioner's motion to accept filing fee **(ECF No. 5) is granted**.

It is further ordered that the Clerk of Court electronically file petition (ECF No. 1-1).

It is further ordered that the petition is **DISMISSED** with prejudice as set forth in this order.

It is further ordered that a certificate of appealability will not issue.

The Clerk is directed to enter judgment accordingly and close this case.

Dated this 6th day of October 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3